Scott M. Lilja (4231) slilja@fabianvancott.com
Nicole M. Deforge (7581) ndeforge@fabianvancott.com
Kirsten R. Allen (15082) kallen@fabianvancott.com
FABIAN VANCOTT
95 South State Street, Suite 2300
Salt Lake City, Utah 84111-2323
Telephone: (801) 531-8900
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SAND HOLLOW RESORT, a Nevada limited liability company,<br><br>        Plaintiff,<br><br>  v.<br><br>TULSI, INC., D/B/A SAND HOLLOW RV RESORT, a Utah corporation,<br><br>        Defendant. | **VERIFIED COMPLAINT**<br><br>Case No.  2:23-cv-00178 |

Plaintiff Sand Hollow Resort, LLC (**Plaintiff**" or "**Sand Hollow Resort**"), by and through counsel, complains against Tulsi, Inc., d/b/a Sand Hollow RV Resort ("**Defendant**" or "**Sand Hollow RV Resort**"), alleges as follows:

### <u>NATURE OF ACTION AND RELIEF SOUGHT</u>

1.      The Complaint is for trademark infringement, false designation of origin, unfair competition, and related claims, arising out of Defendant's willful infringement of Plaintiff's federally registered service marks to sell competing services or goods of the same type in exactly the same market.

2.      Plaintiff seeks injunctive relief, damages, disgorgement of profits, attorneys' fees, and other relief for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., under Utah law, and under common law.

## PARTIES

3.      Sand Hollow Resort is a Nevada limited liability company with a principal place of business at 5662 West Clubhouse Drive, Hurricane, Utah 84737.

4.      Upon information and belief, Defendant Tulsi, Inc., d/b/a Sand Hollow RV Resort is Utah corporation, with its principal place of business at 58 N. 2260 W., Hurricane, Utah, 84737, and operating its d/b/a at 50 South Rlington Parkway, Hurricane, Utah 84737.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1121, 28 U.S.C. §§ 1331, 1338, and 1367. The claims alleged in this Complaint arise under the Lanham Act, 15 U.S.C. §§ 1125, *et seq*.

6.      This Court has personal jurisdiction over Defendant because Defendant resides or conducts business in this forum and has established minimum contacts with this forum.

7.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District or because the Defendant is subject to personal jurisdiction in this District.

8.      An actual case or controversy exists between the parties. Defendant has repeatedly used and infringed upon Sand Hollow Resort's Service Marks, caused actual confusion, and harmed Sand Hollow Resort.

9. Sand Hollow Resort has demanded that Defendant immediately cease and desist from using Sand Hollow Resort's Service Marks, but Defendant has refused.

## GENERAL ALLEGATIONS

10. Sand Hollow Resort is one of the premier vacation, recreation, and resort destinations in Southern Utah.

11. Founded in 2006, Sand Hollow Resort offers various housing accommodations including long- and short-term options.

12. Sand Hollow Resort provides a variety of recreation activities and amenities to its guests including two world class golf courses, a driving range, and "Wee Course" consisting of short shots and putting, a Pro Shop, tennis courts, pickleball courts, volleyball courts, a fitness center, the Clubhouse providing a full in-house restaurant and stunning views, seasonal pools, hot tubs, live events and concerts, UTV and other motorized vehicle rentals, tours, a dog park, and other amenities (together, the accommodation and amenities offered are referred to as the "**Services**").

13. Sand Hollow Resort has a regional and worldwide reputation as a world-class resort in a unique desert location "Where the Desert Meets the Green." Its Championship Course has been ranked as one of *Golfweek's* "Top 100 Resort Courses" since 2011, *Golf World's* Top 100, and the #1 course in Utah since 2009.

14. Since its founding, Sand Hollow Resort has offered its Services to a wide variety of customers from all over the world, billing itself not only as a golf and relaxation destination, but also as a gateway to Zion National Park, the Pine Valley Mountains, Quail Creek State Park, Snow Canyon State Park, and Southern Utah more generally.

15.     Sand Hollow Resort has offered and provided its Services under its federally registered service marks, SAND HOLLOW RESORT (Reg. No. 5,458,022) and logo SAND HOLLOW RESORT logo (Reg. No. 5,458,023) and since at least 2006 (collectively "**Plaintiff's Marks**").

16.     Sand Hollow Resort's Service Mark Reg. No. 5,458,022, for the standard character mark SAND HOLLOW RESORT in Classes 37, 41, and 43 is for "[r]esort services, namely, lodging services, restaurant services; rental of banquet and social function facilities for special occasions, namely, parties, weddings and receptions, conventions, and conferences," "[r]esort golf club services," and "[r]eal estate development services; planning and laying out of residential communities, recreational facilities, social and community facilities, office complexes, shopping centers and meeting and convention centers; and construction services, namely, planning, laying out and custom construction of residences, recreational facilities, social and community facilities and commercial buildings." This registration originally issued on the Principal Register on May 1, 2018. A copy of this registration is attached as **Exhibit 1**.

17.     Sand Hollow Resort's Service Mark Reg. No. 5,458,023, for the design mark SAND HOLLOW RESORT similarly is for Classes 37, 41, and 43, with the same descriptions, and is for a service mark consisting "of the words 'Sand Hollow' with the word 'Resort' beneath the word 'Hollow' and above a design featuring a horizontal wavy line divided into four segments which contain two horizontal wavy lines, a flag, a sunburst, and a single wavy line." This registration originally issued on the Principal Register on May 1, 2018. A copy of this registration is attached as **Exhibit 2**.  The following is an example of this mark:



18.     The registrations for Plaintiff's Marks and Sand Hollow Resort's nationwide rights in the underlying marks are valid and subsisting.

19.     The registrations for Plaintiff's Marks also provide constructive notice of Sand Hollow Resort's ownership of the Plaintiff's Marks.

20.     At least since about 2006, Sand Hollow Resort has made actual use in commerce of the Plaintiff's Marks in connection with its Services, including in connection with those products and services identified in Plaintiff's Marks' Registrations. Therefore, Sand Hollow Resort also has common law rights to and in the Plaintiff's Marks.

21.     Plaintiff's Marks appear on Plaintiff's website, social media, documents, physical facilities, advertising, signage, uniforms, correspondence, invoices, letterhead, apparel, and other customary channels of trade in interstate commerce.

22.     Plaintiff has used Plaintiff's Marks to extensively market and advertise its business for over 15 years, including through print advertising and billboards, sponsorships of events, and other methods of advertising.

23.     Plaintiff has continuously and extensively used Plaintiff's Marks to offer and provide its Services since its first use of Plaintiff's Marks.

24.     By virtue of its continuous and extensive use, Plaintiff has obtained widespread recognition and secondary meaning in Plaintiff's Marks as exclusively designating its Services.

This recognition was achieved through substantial, long-term marketing and advertising efforts and expenses.

25.     Over the years, Plaintiff has become a recognized, well-established recreational resort and established valuable goodwill in Plaintiff's Marks.

26.     Plaintiff's Marks are distinctive and create a strong commercial impression in the minds of customers and potential customers of Plaintiff's Services.

*Defendants' Infringement*

27.     Defendant Sand Hollow RV Resort offers accommodations and amenities, including the same types of services identified in the registrations for Plaintiff's Marks as Sand Hollow Resort provides under Plaintiff's Marks.

28.     Upon information and belief, Defendant Sand Hollow RV Resort opened on December 1, 2021 at a location just eight miles northwest of Sand Hollow Resort in the same tiny town of Hurricane, Utah.

29.     Similar to Sand Hollow Resort, Defendant Sand Hollow RV Resort now markets itself as the "Gateway to the National Parks" and "Gateway to Adventure."

30.     Sand Hollow RV Resort offers accommodations and amenities such as lodging and a golf putting green, pickleball court, clubhouse, and other services, which are similar to or identical to the Services offered by Sand Hollow Resort.

31.     Defendant Sand Hollow RV Resort began using the name "Sand Hollow RV Resort" and logo with the prominent words "Sand Hollow" above smaller letters "RV Resort" ("**Infringing Marks**"), to solicit Plaintiff's customers and potential customers, to utilize

Plaintiff's reputation and goodwill associated with Plaintiff's Marks, and to offer directly competitive goods and services. An example of the Infringing Marks is:



32.    The Infringing Marks are identical or confusingly similar to Plaintiff's Marks in sight, sound, meaning, and commercial impression.

33.    As with Plaintiff's Marks, the Infringing Marks prominently feature the terms SAND HOLLOW as the dominant portion of the mark and also include the term RESORT is smaller type. The only difference between the word marks is the descriptive term RV in the Infringing Marks.

34.    The minor differences between Plaintiff's Marks and the Infringing Marks do not change the overall commercial impression of the Infringing Marks or make the Infringing Marks distinctive from Plaintiff's Marks and instead increase the likelihood of confusion given the similarity to Plaintiff's Word Marks.

35.    Upon information and belief, Sand Hollow RV Resort started offering services under the Infringing Marks over the internet through the domain <sandhollowrv.com>.

36.    Upon information and belief, Sand Hollow RV Resort's use of the Infringing Marks includes not only its website, and social media handles <@sandhollowrv>, but also documents, physical facilities, advertising, signage, uniforms, correspondence, invoices, letterhead, apparel, and other customary channels of trade in interstate commerce that are identical or similar to the markets used by Plaintiff and Plaintiff's Marks.

37.     These handles and URLs are confusingly similar to Plaintiff's own, which consist of the URL <sandhollowresort.com> and handle <@sandhollowresort>.

38.     Plaintiff repeatedly demanded that Defendant cease all use of the Infringing Marks without success.

39.     Defendant continues to infringe Plaintiff's Marks by affixing the Infringing Marks to Defendants' website, social media accounts, marketing materials, invoices, apparel, etc.

40.     Upon information and belief, Defendant has stolen a number of Plaintiff's customers by representing that it is Plaintiff or is affiliated with or connected to Plaintiff.

41.     In short, Defendant uses the Infringing Marks to directly compete with Plaintiff, to pass off their own goods and services as being connected, associated with, sponsored by, or otherwise related to Plaintiff's Services, targeting the same customers, using identical channels of trade and advertising, and offering the same goods and services.

42.     Plaintiff has not given Defendant permission or license to use the Plaintiff's Marks or anything confusingly similar thereto for any purpose.

43.     Defendant's use of the Infringing Marks has resulted in actual confusion by consumers and the public and is likely to cause additional confusion about the affiliation between the parties, including consumers calling to asked about the pricing and availability of RV spaces.

44.     Defendant's use of the Infringing Marks and continued infringement of Plaintiff's Marks has been willful and in conscious disregard of Plaintiff's rights in Plaintiff's Marks and demonstrates an intent to wrongfully profit from and trade off of Plaintiff's valuable goodwill and reputation in Plaintiff's Marks.

45. In short, Defendant has infringed upon Plaintiff's rights in Plaintiff's Marks, to unfairly compete with Plaintiff, to benefit from Plaintiff's reputation and goodwill, and to damage Plaintiff's business and customer relations, and will continue to do so unless judicially enjoined.

### FIRST CLAIM FOR RELIEF
### (Service Mark Infringement in Violation of 15 U.S.C. § 1114)

46. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

47. Sand Hollow Resort owns valid federal registrations for Plaintiff's Marks for the Services.

48. Plaintiff's Marks are valid and Plaintiff has an exclusive right to use the Plaintiff's Marks in commerce.

49. Defendant's deliberate and unauthorized uses of the Infringing Marks as service marks in connection with its marketing and sale of competing products and services constitutes willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, because such uses are likely to cause confusion or mistake as to the source, affiliation, connection, or association of Plaintiff with Defendant's services, or as to the origin, sponsorship, or approval of Defendant's products and services by Plaintiff; or to cause consumers to believe, incorrectly, that Defendant is the senior use of the Plaintiff's Marks and that Plaintiff is improperly using, copying, or infringing on Defendant's Infringing Mark.

50. By reason of Defendant's acts as alleged above, Plaintiff has suffered and will continue to suffer irreparable harm to the value and goodwill of Plaintiff's Marks, as well as

irreparable harm to Plaintiff's business, goodwill, and reputation. Unless enjoined, Defendant's unlawful conduct will continue, further injuring Plaintiff and confusing the public.

51.     On information and belief, Defendant has received substantial revenues and profits as a result of its unlawful conduct, to which Defendant is not entitled, and Plaintiff has also suffered damages as a result of such unlawful conduct, for which Defendant is responsible.

52.     Therefore, Plaintiff has suffered and will continue to suffer irreparable harm to the value and goodwill of Plaintiff's Marks, as well as irreparable harm to Plaintiff's business, goodwill, and reputation. Unless enjoined, Defendants' unlawful conduct will continue, further injuring Plaintiff and confusing the public.

53.     Therefore, Plaintiff demands judgment as set forth below.

**SECOND CLAIM FOR RELIEF**
**(Service Mark Infringement, False Designation of Origin, False Advertising and Unfair Competition in Violation of 15 U.S.C. § 1125(a))**

54.     Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

55.     Since its date of first use, Plaintiff has used Plaintiff's Marks in interstate commerce to offer and provide Services.

56.     Plaintiff's Marks are inherently distinctive, or Plaintiff has acquired distinctiveness in Plaintiff's Marks, among the relevant trade and public as identifying Plaintiff and Plaintiff's Services.

57.     Defendant's willful, deliberate and unauthorized use of the Infringing Marks as service marks in connection with the marketing and sales of competing services constitutes trademark infringement, unfair competition, false advertising, and false designation of origin in

willful violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because such uses are likely to cause confusion or mistake as to the source, affiliation, connection, or association of Plaintiff and Defendant, or as to the origin, sponsorship, or approval of Defendant's services by Plaintiff.

58.     Therefore, Plaintiff has suffered and will continue to suffer irreparable harm to the value and goodwill of Plaintiff's Marks, as well as irreparable harm to Plaintiff's business, goodwill, and reputation. Unless enjoined, Defendant's unlawful conduct will continue, further injuring Plaintiff and confusing the public.

59.     Therefore, Plaintiff demands judgment as set forth below.

### THIRD CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices Under Utah Code § 13-11a-3)

60.     Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

61.     By Defendant's use of the Infringing Marks, it: (a) passes off their goods and services as those of Plaintiff; (b) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of Defendant's and Plaintiff's goods or services; (c) causes likelihood of confusion or of misunderstanding as to affiliation, connection, association with, or certification by Plaintiff; and (d) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have or that Defendant has a sponsorship, approval, status, affiliation, or connection that they do not have.

62.     The foregoing constitutes deceptive trade practices under Utah Code § 13-11a-3.

63.     By reason of Defendant's acts as alleged above, Plaintiff has suffered and will continue to suffer irreparable harm to the value and goodwill of Plaintiff's Marks, as well as

irreparable harm to its business, goodwill, and reputation. Unless enjoined, Defendants' unlawful conduct will continue, further injuring Plaintiff and confusing the public.

64.     Therefore, Plaintiff demands judgment as set forth below.

**FOURTH CLAIM FOR RELIEF**
**(Unfair Competition and Service Mark Infringement Under Utah Common Law)**

65.     Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

66.     Plaintiff's Marks are inherently distinctive, or Plaintiff has acquired distinctiveness and secondary meaning in Plaintiff's Marks.

67.     Defendant's acts, as alleged above, infringe Plaintiff's rights in Plaintiff's Marks under Utah common law and constitute acts of unfair competition.

68.     By reason of Defendant's acts as alleged above, Plaintiff has suffered and will continue to suffer irreparable harm to the value and goodwill of Plaintiff's Marks, as well as to Plaintiff's business, goodwill, and reputation.

69.     Unless enjoined, Defendant's unlawful conduct will continue, further injuring Plaintiff and confusing the public.

**FIFTH CLAIM FOR RELIEF**
**(Cyberpiracy in Violation of 15 U.S.C. §1125(d)**

70.     Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

71.     On information and belief, Defendant registered, used, and/or trafficked in domain names with a domain name registrar, registry, or registration authority as part of an

electronic address on the Internet, including at least < https://www.sandhollowrv.com> ("the Infringing Domain").

72.     At the time of the registration of the Infringing Domain, Plaintiff's Marks were distinctive.

73.     The Infringing Domains are identical or confusingly similar to the Plaintiff's Marks.

74.     On information and belief, Defendant had a bad faith intent to profit from the Plaintiff's Marks, as evidenced by at least the following:

a.   The fact that at the time of registration, Defendant had no trademark or other intellectual property rights in the Infringing Domain;

b.    The fact that at the time of registration, the Infringing Domain did not consist of the legal name or other name commonly used to refer to Defendant; and

c.   Defendant's intent to divert customers from Plaintiff's own online locations to sites accessible under the Infringing Domains that could harm the goodwill represented by the Plaintiff's Marks, for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, or endorsement of the site.

75.     On information and belief, Defendant has received substantial revenues and profits as a result of its unlawful conduct, to which it is not entitled, and Plaintiff has also suffered damages as a result of such unlawful conduct, for which Defendant is responsible.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in its favor as follows:

a.  Entering an injunction, preliminarily and permanently, ordering that Defendant, and each of its agents, servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained:

      i.  from using the Infringing Marks to offer any services that are related to the Services offered by Plaintiff;

      j.  from infringing, using, or exploiting any of Plaintiff's rights in Plaintiff's Marks, and from engaging in any conduct tending to weaken Plaintiff's rights in the mark or its reputation and goodwill, including but not limited to the importation, manufacture, production, distribution, circulation, sale, marketing, offering for sale, advertising, promoting, displaying, or otherwise disposing of any services or products not authorized by Plaintiff bearing any confusing similarity to the Plaintiff's Marks;

      ii.  from using any marks similar to the Plaintiff's Marks that are likely to cause confusion or mistake as to whether Defendant is authorized by or affiliated with Plaintiff and as to whether Defendant has been authorized or sponsored by Plaintiff;

      iii.  from engaging in unfair competition with Plaintiff and its authorized licensees through use of the Infringing Marks;

14

       iv.     from making a false representation as to the source, sponsorship, approval, or certification of goods or services by its use of the Infringing Marks and/or Plaintiff's Marks;

       v.     from making a false representation or using false descriptions, including words or symbols, as to affiliation, connection, association with Plaintiff their authorized licensees' goods or services, and from offering any goods or services in commerce so falsely described;

       vi.     from using any reproduction, counterfeit, copy, or colorable imitation of, or confusingly similar mark to the Plaintiff's Marks to identify any goods of the rendering of any services not authorized by Plaintiff; and

       vii.     from effecting any assignment or transfer, or from forming or engaging in any new entity or association, or utilizing any other device, for the purpose of circumventing or otherwise avoiding the foregoing.

b.  Directing Defendant to deliver up to Plaintiff all literature, advertisements, business forms, signs, computers, electronic media, and any other representations, regardless of form, which are in, or come to be in its possession, custody, or control and which bear the Plaintiff's Marks or any confusingly similar variants, and order Defendant to notify its direct customers, agents, and representatives that its products and services are not authorized, sanctioned, or endorsed by, or otherwise connected with Plaintiff;

c.  Directing Defendant to deliver up to Plaintiff for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements bearing the Plaintiff's Marks or any confusingly similar variants thereof, and all and all plates, molds, matrices, and

15

other means of making the same, pursuant to 15 U.S.C. § 1118 and other applicable law;

d.  That the Court issue an order directing Defendant to provide an accounting of all revenues and profits gained by it while engaging in the acts complained of in this Complaint;

e.  That the Court establish a constructive trust consisting of Defendant's profits from or obtained by Defendant's wrongful acts, to be held for the benefit of Plaintiff;

f.  That the Court award Plaintiff its actual damages;

g.  That the Court award Plaintiff statutory damages;

h.  That the Court issue an order directing Defendant to promulgate corrective advertising by using the same media and with the same distribution and frequency as its infringing advertising;

i.  That the Court award Plaintiff pre- and post-judgment interest;

j.  That the Court award Plaintiff its investigative expenses, costs, and attorneys' fees in this action;

k.  That the Court declare this to be an exceptional case;

l.  That the Court award Plaintiff treble, exemplary, and/or punitive damages for willful, deliberate, fraudulent, or reckless conduct; and

m.  awarding such other and/or further relief as is just and equitable.

DATED this 14th day of March, 2023.

FABIAN VANCOTT

*/s/ Kirsten R. Allen*
Scott M. Lilja
Nicole M. Deforge
Kirsten R. Allen

*Attorneys for Plaintiff*

## VERIFICATION

I, Jacob Bracken, declare that I am the Manager of Sand Hollow Resort, LLC, the Plaintiff in the above-captioned matter. The matters stated in the Verified Complaint above are not, in all circumstances, within my personal knowledge. The information and facts stated have been compiled and assembled over time by employees, representatives, and/or counsel for Plaintiff, including through a review of various documents, because the information in the foregoing is in large part contained in Plaintiff's records and the records of others. Based upon the information so obtained and compiled, which I believe to be accurate, subject to inadvertent errors or omissions, I believe the facts stated in the foregoing Verified Complaint above are true and correct and are based on a reasonable inquiry, and I make this verification to the best of my information and belief. I declare under penalty of perjury of the laws of the State of Utah that the foregoing is true and correct.

EXECUTED this 3rd day of March, 2023.

/s/